O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Granting Defendant's Motion for Judgment on the Pleadings

Pending before the Court is Defendant Debra Bowen's Motion for Judgment on the Pleadings. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendant's Motion.

I.  Background

Plaintiffs Libertarian Party of Los Angeles, Theodore Brown, and Christopher Agrella (collective, "Plaintiffs") filed suit on April 6, 2010 against Defendant Debra Bowen ("Defendant" or "Secretary of State") in her official capacity as the Secretary of State of California. Plaintiffs are politically active and "would like to support candidates for state offices by circulating nominating papers or petitions in Los Angeles County using circulators who are not residents of Los Angeles County or the State of California." *First Amended Complaint* ("*FAC*") ¶ 3. Preventing Plaintiffs from doing so are California election laws. Defendant is responsible for enforcing those laws. *Id.* ¶ 7.

Plaintiffs challenge the constitutionality of two California statutes establishing residency requirements for circulators of nominating petitions for candidates for political office: (1) Cal. Elec. Code § 8066; and (2) Cal. Elec. Code § 8451. *Id.* ¶ 9. The two provisions both provide

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

that "[c]irculators shall be voters in the district or political subdivision in which the candidate is to be voted on and shall serve only in that district or political subdivision." *See* Cal. Elec. Code §§ 8066, 8451. Plaintiffs allege that the two provisions "severely burden[ their] political speech and political association rights . . . in violation of the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983." *FAC* ¶ 23.

The Court dismissed Plaintiffs' original Complaint after concluding that Plaintiffs failed to establish their standing to bring the lawsuit. *See* Dkt. #25 ("November 2 Order"). On November 22, 2010, Plaintiffs filed a First Amended Complaint ("FAC"), adding allegations that Plaintiffs argue show the Secretary of State's intent to enforce the laws challenged in this lawsuit. *See id.* ¶ 14. The Secretary of State filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), once again arguing that Plaintiffs lack standing to bring the lawsuit and that there is no live case or controversy that is ripe for review. *See Mot.* 2:15-18. For the reasons that follow, the Court GRANTS Defendant's Motion for Judgment on the Pleadings WITH PREJUDICE.

II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is proper when the defendant clearly establishes that, even if all material facts in the complaint are true, no material issue of fact remains for trial and the defendant is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The court may not go beyond the pleadings to resolve the motion without converting into a Rule 56 motion for summary judgment. *Id*.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "are functionally identical." *Pac. West Group, Inc. v. Real Time Solutions, Inc.*, 321 Fed. Appx. 566, 569 (9th Cir. 2008). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). If a plaintiff has

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

failed to satisfy that obligation, "leave to amend should be granted even if no request is made unless amendment would be futile." *Pac. West Group*, 321 Fed. Appx. at 569.

III.    Discussion

Defendant argues that dismissal of Plaintiffs claims under Rule 12(c) is warranted because Plaintiffs lack standing and the lawsuit is not yet ripe for review. *See Mot.* 2:15-18. The Court agrees.[1]

    A.    Constitutional Standing

Federal courts are courts of limited jurisdiction and can only adjudicate actual "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; s*ee also Flast v. Cohen*, 392 U.S. 83, 88 S. Ct. 1942, 20 L. Ed. 947 (1968); *Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972) ("The limited jurisdiction of all federal courts requires, preliminarily, that there be a 'case' or 'controversy' in existence."). At an "irreducible minimum," Article III of the U.S. Constitution requires that (1) the plaintiff has personally suffered a cognizable injury, (2) the injury is fairly traceable to the defendant's alleged unlawful conduct, and (3) the injury is redressable by judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *see also Friends of the Earth v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed 2d 610 (2000). The party asserting federal court jurisdiction bears the burden of establishing standing. *See Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 138 L. Ed. 2d 849 (1997). In a motion to dismiss, however, a court must still "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002) (citation and quotations omitted).

---

[1] Defendant again argues that dismissal is warranted on both standing and ripeness grounds, and the Court again treats them similarly for purposes of this Order. *See California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1093-94 (9th Cir. 2003) ("Whether we frame our jurisdictional inquiry as one of standing or of ripeness, the analysis is the same"). Though treated similarly, the Court dismisses this case on standing grounds and does not specifically address ripeness.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

"Unique standing considerations" are presented when First Amendment rights are impacted by state action. *See Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). "In an effort to avoid the chilling effect of sweeping restrictions, the Supreme Court has endorsed what might be called a 'hold your tongue and challenge now' approach rather than requiring litigants to speak first and take their chances with the consequences." *Id.* Simply stated, First Amendment considerations "lower the threshold," *Lopez v. Candaele*, ___ F.3d ___, 2010 WL 5128266, at *1 (9th Cir. Dec. 16, 2010) and "tilt[] dramatically toward a finding of standing," *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000). Nevertheless, the "irreducible constitutional minimum of standing"—injury, causation and redressability—must still be met. *Lopez*, ___F.3d___, 2010 WL 5128266, at *1.

    1.    <u>Injury</u>

Despite the Secretary of State's insistence that Plaintiffs lack standing, Plaintiffs argue that there is a "genuine question of material fact as to the standing elements," and that the Court should not dismiss the case at this stage of the litigation. *See Opp'n* 1:23-25 (quoting *Truth v. Kent Sch. Dist.*, 524 F.3d 957, 065 (9th Cir. 2008)). The Court agrees that Plaintiffs have still not met their burden of alleging a realistic threat of prosecution and, thus, standing to bring the case.

A plaintiff "does not have to await the consummation of threatened injury to obtain preventive relief." *Blanchette v. Connecticut Gen. Ins. Corps.*, 419 U.S. 102, 143, n.29, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974). But, "when plaintiffs seek to establish standing to challenge a law or regulation that is not presently being enforced against them, they must demonstrate 'a *realistic danger* of sustaining a direct injury as a result of the statute's operation or enforcement.'" *LSO, Ltd.*, 205 F.3d at 1154 (emphasis added) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 297, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979)). "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000), *abrogated by Stormans, Inc. v. Selecky*, 586 F.3d 1109 (9th Cir. 2009). There are a number of related factors a court can consider to determine whether there is a "credible threat of adverse state action sufficient to establish standing" including (1) whether there is a "reasonable likelihood that the government will enforce the challenged law," (2) "whether the plaintiffs have failed to establish, with some degree of concrete detail, that they

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

intend to violate the challenged law," and (3) "whether the challenged law is inapplicable to the plaintiffs, either by its terms or as interpreted by the government." *Lopez*, 2010 WL 5128266, at *6.

As before, the parties do not dispute the second or third factors, instead focusing the Court's inquiry on the first. A reasonable likelihood that the government will enforce the challenged law can be shown by, *inter alia*, "past enforcement," an indictment or arrest of the plaintiffs, a "specific warning or threat to initiate proceedings under the challenged [law]," or a "history of past prosecution or enforcement under the challenged statute." *Id.* at *6-7. "General threats" by a public official to "enforce those laws which they are charged to administer" is not sufficient to establish an actual injury necessary for standing. *Id.* at *7 (quotations and citations omitted).

The Court recognizes that a plaintiff with the burden to establish standing need only "plead general factual allegations of injury in order to survive a motion to dismiss." *LSO, Ltd.*, 205 F.3d at 1156 (quoting *Lujan*, 504 U.S. at 561). When the Court dismissed Plaintiffs' original Complaint, it was, in large part, due to Plaintiffs' failure to allege a single fact suggesting a credible threat of enforcement. *See* Dkt. #25, at 5. Plaintiffs have attempted to cure this defect in the First Amended Complaint. For example, the FAC now alleges that the Secretary of State "provides written notice to all candidates that ballot access petition circulators may only circulate petitions in political districts from which the circulator resides," *FAC* ¶ 10, that written notice of this requirement is provided to all candidates, *id.* ¶¶ 11-12, Ex. A ("Summary of Qualifications" provided by the Secretary of State), that the Secretary of State has publicly identified certain candidate "qualifications and requirements" that "Bowen believes [are] not enforceable," which do not include the statutes at issue in this case, *id.* ¶ 13, and that the Secretary "intends to enforce all qualifications and requirements set forth in California statutes and in the California Constitution . . . [including] the residency requirement for petition circulators," *id.* ¶ 14. The facts and allegations presented are still not enough to generate a genuine dispute as to the existence of a credible threat of enforcement sufficient to confer standing to Plaintiffs.

At most, Plaintiff has shown a generalized threat to enforce the provisions in question in this case. As mentioned, however, a generalized threat of enforcement by an official charged with administering the law is insufficient for standing purposes. For example, in *Rincon Band of*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

*Mission Indians v. San Diego County*, the Ninth Circuit held that a sheriff's statement that "all the laws of San Diego, State, Federal and County, will be enforced within our jurisdiction" was insufficient to confer standing. 495 F.2d 1, 4 (9th Cir. 1974); *see also United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 88, 67 S. Ct. 556, 91 L. Ed. 754 (1947) (comparing general to specific threats of enforcement). The allegation that the Secretary "intends to enforce all qualifications and requirements set forth in California statutes and in the California Constitution," is precisely the type of allegation of enforcement that the Ninth Circuit found inadequate in *Rincon Band of Mission Indians*. *See Rincon Band of Mission Indians*, 495 F.2d at 4. Similarly, the written notice provided by the Secretary indicating that "ballot access petition circulators may only circulate petitions in political districts from which the circulator resides," *FAC* ¶ 10, merely restates the existing law in California and does not transform an otherwise general threat of enforcement into a specific one. Finally, just because the Secretary of State has publicly announced that certain election law provisions are, in her view, unconstitutional and will not be enforced, *see FAC* ¶ 13, does not suggest that all the other provisions will be enforced. The Secretary may determine that other provisions are constitutional, yet refuse to enforce them for other reasons. Plaintiffs are unable to identify a specific instance where the Secretary has actually enforced the laws in the past to invalidate ballot access signatures, and, at most, the threat of enforcement alleged by Plaintiffs is a general one, insufficient to confer standing.[1] *See Reply* 8:14-16 ("there is no history of enforcement of the present statutes, there has been no threat to enforce them, and the Secretary has never even taken a position on their constitutionality").

In addition to the allegations that the Secretary of State plans on enforcing the challenged provisions against Plaintiffs, Plaintiffs also allege that the laws might be enforced against them by private parties and the court system via a writ of mandate. *See Opp'n* 10:7-8. Specifically, Plaintiffs point to two California cases where the provisions have been raised by private

---

[1] Plaintiffs also argue that they face prosecution under Cal. Elec. Code § 18203 if they falsely declare that they meet the residency requirements to circulate ballot access petitions. *See Opp'n* 5:13-19. As the Court noted when dismissing Plaintiffs' original Complaint, however, Plaintiffs are not required to violate § 18203 in the pursuit of their desired conduct. Instead, they can truthfully attest that they are out-of-state, county or city residents, potentially subjecting them only to the challenged provisions in this case, not the section 18203 false statement provision. *See* Dkt. #25, at 6, n.3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

litigants: *Brown v. Russell*, 27 Cal. App. 4th 1116 (1994) and *Preserve Shorecliff Homeowners v. City of San Clemente*, 158 Cal. App. 4th 1427 (2008).  In *Preserve Shorecliff*, non-resident circulators were used to collect signatures in support of a local initiative.  *See Preserve Shorecliff*, 158 Cal. App. 4th at 1430-31.  After the signatures were collected, an opposing group sought a writ of mandate to enforce the circulator-residency requirement, which the Court of Appeals ultimately ruled was unconstitutional.  *See id.*  Based on *Preserve Shorecliff* and the related facts in *Brown v. Russell*, Plaintiffs insist that "it is not merely speculative but exceedingly reasonable for Plaintiffs to assume that the statute[s] will be enforced." *Opp'n* 14:16-18.  Even assuming that invocation of the challenged laws by a private party in a future lawsuit will cause an injury to Plaintiffs, their argument must nevertheless fail here, however, as the standing doctrine requires a causal connection between the injury suffered by a plaintiff and a defendant's challenged action.  *See, e.g., Lujan*, 504 U.S. at 561 ("the irreducible constitutional minimum of standing [requires] . . . a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court" (quotations and punctuation omitted)).

Finally, Plaintiffs maintain that even without a specific and credible threat of enforcement of the challenged provisions from the Secretary, the statutes "chill[] and suppress[] the free speech of plaintiffs, as well as every other non-resident of California who wishes to circulate petitions in California." *Opp'n* 11:16-19.  This type of self-imposed restraint not prompted by a credible threat of enforcement, however, does not confer standing.  *See Laird v. Tatum*, 408 U.S. 1, 13-14, 92 S. Ct. 2318, 33 L. Ed. 2d 154 (1972) ("[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm"); *Ariz. Right to Life Political Action Comm.*, 320 F.3d at 1006 ("it is sufficient for standing purposes that the plaintiff intends to engage in a course of conduct arguably affected with a constitutional interest and that there is a *credible threat* that the challenged provision will be invoked against the plaintiff" (emphasis added and citation omitted)).

The cases cited to by Plaintiffs do not suggest, as they argue, that a plaintiff has standing whenever a "chilling effect" might exist.  *See Opp'n* 11:6-9.  In fact, in all of the First Amendment cases cited to by Plaintiffs, there was a credible threat of enforcement of a challenged statute with criminal penalties or fines, as evinced by past enforcement or otherwise.  *See Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393, 108 S. Ct. 636, 98 L. Ed. 2d 782

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2488 PSG (Opx) | Date | February 3, 2011 |
|---|---|---|---|
| Title | Libertarian Party of Los Angeles v. Debra Bowen | | |

(1988) ("The State has not suggested that the newly enacted [criminal] law will not be enforced, and we see no reason to assume otherwise."); *Am. Civil Liberties Union of Nevada v. Heller*, 378 F.3d 979, 983-84 (9th Cir. 2004) (where affidavits of plaintiffs and others established that the challenged statute had not only been enforced in the past, but enforced against plaintiffs); *Daien v. Ysursa*, 711 F. Supp. 2d 1215, 1224 (D. Idaho 2010) ("Ysursa does not argue that Daien would not face criminal penalties as a non-resident circulating petitions, and there is no evidence in the record that the State recently has prosecuted others for election fraud under [the challenged statute]."); *Idaho Coalition United for Bears v. Cenarrusa*, 234 F. Supp. 2d 1159, 1162 (D. Idaho 2001) (holding that plaintiffs had standing to challenge certain election laws despite self-censorship because they had a genuine concern about facing criminal liability). In this case, Plaintiffs cannot be subjected to criminal penalties or fines—the remedy for violations of the challenged provisions is invalidation of petition signatures—and there is no credible threat of enforcement. *See Getman*, 328 F.3d 1088, 1094-95 (noting that self-censorship in First Amendment criminal cases can be a cognizable injury for standing purposes where there is an "actual and well-founded fear that the law will be enforced against" the plaintiff because "most people are frightened of violating *criminal* statutes" (emphasis added)).

The mere existence of a potentially unconstitutional statute does not necessarily create a "case or controversy" under Article III of the United States Constitution. *See, e.g.*, *Thomas*, 220 F.3d 1139. As this Court concluded in its earlier Order, without providing any factual allegations of past enforcement of the challenged law by the Secretary of State, a pattern of enforcement of the challenged law, a credible and specific threat or warning that the law will be applied to them, or any other indication of a credible threat of enforcement, Plaintiffs have not met their burden to establish standing.

IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings WITH PREJUDICE.

**IT IS SO ORDERED.**